1
2
3
4
5
6
7
8                      **UNITED STATES DISTRICT COURT**

9                      **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| DANNY CHARLES BARNES, | ) Case No.: 1:16-cv-00621-JLT |
| Petitioner, | ) **ORDER REQUIRING PETITIONER TO SUBMIT AN AMENDED PETITION** |
| v. | ) |
| WARDEN STATE PRISON SACRAMENTO, | ) **THIRTY DAY DEADLINE** |
| Respondent. | ) **ORDER DIRECTING CLERK OF THE COURT TO SEND PETITIONER A FORM FOR FILING HABEAS CORPUS PETITION PURSUANT TO 28 U.S.C. § 2254** |

The Court has reviewed the petition for writ of habeas corpus filed in this case.  It fails to state any grounds for relief and is unintelligible.  Thus, the Court **ORDERS** Petitioner to file an amended complaint.

**A.      Procedural Grounds for Summary Dismissal.**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be

1

1    dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were

2    such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

3    **B.    Insufficient Information And Failure To State A Cognizable Habeas Claim.**

4           Rule 2 of the Rules Governing Section 2254 Cases provides that the petition:

5           "…shall specify all the grounds for relief which are available to the petitioner and
            of which he has or by the exercise of reasonable diligence should have knowledge and
6           shall set forth in summary form the facts supporting each of the grounds thus specified."

7    Rule 2(c), Rules Governing Section 2254 Cases.  Petitioner must also clearly state the relief sought in

8    the petition.  Id.  Additionally, the Advisory Committee Notes to Rule 4 explains that "…'[N]otice'

9    pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of

10   constitutional error.'"  Advisory Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63,

11   75, n. 7, 97 S.Ct. 1621 (1977).

12          The petition contains no claims and only sparse information.  The first page of the form

13   petition indicates that Petitioner was convicted in the Los Angeles Superior Court on some unspecified

14   date.  In every other space provided on the form, Petitioner answers either with his name and CDCR

15   number, a reference to the Los Angeles Superior Court, or "yes."  Although Petitioner signs the

16   petition, it is dated as "2016, 2017, 2018."

17          The petition does not meet basic pleading requirements for a federal habeas corpus proceeding.

18   Petitioner does not inform the Court of the date and nature of his criminal conviction, the sentence

19   imposed or any chronological information regarding a direct appeal.  Additionally, in the spaces

20   provided for listing claims, Petitioner responds with "yes, written multiple times.  In other words, the

21   petition contains no claims and contains no information that would permit the Court to perform its

22   function of screening the petition for technical sufficiency, e.g., timeliness, exhaustion, etc.  The Court

23   is unable even to determine whether venue is proper in this Court.  Thus, the petition fails to comply

24   with the requirements of Rule 2(c).  Accordingly, Petitioner will be required to submit a First

25   Amended Petition in which he clearly and succinctly sets forth all of his claims, together with

26   supporting factual allegations, in order for this case to proceed.       Accordingly, the Court **ORDERS**:

27          1.   The instant petition for writ of habeas corpus is **DISMISSED** with leave to amend.

28               Petitioner is GRANTED 30 days from the date of service of this order to file a first

2

amended petition that complies with this order;

2. The Clerk of the Court is DIRECTED to send Petitioner a blank form petition for petitioners filing pursuant to 28 U.S.C. § 2254.

**Petitioner is forewarned that his failure to comply with this Order may result in an Order of Dismissal or a Recommendation that the petition be dismissed pursuant to Local Rule 110.**

IT IS SO ORDERED.

Dated:   **May 5, 2016**                          **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE