**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANNY CHARLES BARNES,<br><br>       Petitioner,<br><br>       v.<br><br>WARDEN STATE PRISON<br>SACRAMENTO,<br><br>       Respondent. | Case No.: 1:16-cv-00621-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO SUMMARILY DISMISS FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS (Doc. 4)<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY-ONE DAYS<br><br>ORDER DIRECTING CLERK OF THE COURT TO ASSIGN DISTRICT JUDGE TO CASE |

The petition for writ of habeas corpus, filed by Danny Barnes, contains no claims and only sparse information.  The petition indicates that Mr. Barnes was convicted in the Los Angeles Superior Court on some unspecified date.  In every other space provided on the form, Petitioner answered either with his name and CDCR number, a reference to the Los Angeles Superior Court, or "yes."  Although Petitioner signs the petition, he notes the date as, "2016, 2017, 2018."

Such a defective petition does not meet basic pleading requirements for a federal habeas corpus proceeding.  Petitioner has not informed the Court of the date and nature of his criminal conviction, what sentence was imposed, and has not provided any chronological information regarding a direct appeal.  Additionally, in the spaces provided for listing claims, Petitioner responded with "yes," written

1

multiple times.  The petition contains no claims and no information that would permit the Court to screen the petition for technical sufficiency, e.g., timeliness, exhaustion, etc.  The Court is unable even to determine whether venue was proper in this Court.  Thus, the petition fails to comply with the requirements of Rule 2(c) of the Rules Governing Section 2254 Cases, which requires that a petition "…shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified."

Because of the significant pleading deficiencies in the original petition, on May 5, 2016, the Court ordered Petitioner to file a first amended petition within thirty days.  (Doc. 3)  On June 17, 2016, Petitioner filed the first amended petition ("FAP"), which was similar to the original petition. (Doc. 4)  In spaces on the form for providing information vital to the Court's screening process, Petitioner has once again simply written the word "yes," sometimes dozens of times.  As a date, Petitioner has written "2016-2017-2018."  In other instances, rather than provide useful information, he has simply written his full name.  Nothing in the FAP provides even the barest clue as to the conviction Petitioner may be challenging or the grounds upon which he wishes to proceed.

As the Court explained in its previous order to amend, Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition...that the petition is not entitled to relief."  Rule 4 of the Rules Governing 2254 Cases.  The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...."  Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th cir. 1990).  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) *(quoting* Blackkledge v. Allison, 431 U.S. 63, 75-76 (1977)).   Under § 2243, it is the duty of the Court to screen out frivolous applications and to eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.  Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970); see Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  The Advisory Committee

1  Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its

2  own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the

3  petition has been filed.

4         Habeas corpus petitions must meet heightened pleading requirements.  <u>McFarland v. Scott</u>, 512

5  U.S. 849, 856 (1994); <u>Hendricks v. Vasquez</u>, 908 F.2d 490, 491 (9th Cir. 1990).  The petitioner shall

6  set forth in summary form the facts supporting each of the grounds specified and shall state the relief

7  requested.  Rule 4 of the Rules Governing Section 2254 Cases.  As mentioned above, a petition may

8  be dismissed if the factual allegations are so palpably incredible or so patently frivolous or false as to

9  warrant summary dismissal.  <u>Blackledge</u>, 431 U.S. at 78.  A claim is legally frivolous when it lacks an

10  arguable basis either in law or in fact.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v.</u>

11  <u>Murphy</u>, 745 F.2d 1221, 1227-1228 (9th Cir. 1984).

12         The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably

13  meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>, 490 U.S. at 327.

14  The critical inquiry is whether a constitutional claim, however, inartfully, pleaded, has an arguable

15  legal and factual basis.  <u>See Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989); <u>Franklin</u>, 745 F.2d

16  at 1227.  The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for

17  writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

18  dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule

19  8, 1976 Adoption; <u>see</u> <u>Herbst v. Cook</u>, 260 F.3d 1039 (9th Cir.2001).

20         Here, after being afforded an opportunity to repair the deficiencies present in the original

21  petition, Petitioner has chosen to repeat those deficiencies in the FAP.  As it stands, the FAP contains

22  no claims, no allegations, and no information to assist the Court.  The Court must presume that

23  Petitioner does not wish to comply with the federal rules regarding habeas corpus pleadings.  Since the

24  FAP contains no allegations or claims, only gibberish, Petitioner's claims should be summarily denied

25  as frivolous.  To encourage Petitioner to submit a second amended petition would, in the Court's view,

26  be a waste of the Court's time and would do a disservice both to an already overworked federal district

27  court as well as to those petitioners proceeding in good faith who are forced to wait for decisions in

28  their cases while the Court addresses meritless and nonsensical petitions such as the instant FAP.

1

**ORDER**

2      For the foregoing reasons, the Court HEREBY DIRECTS the Clerk of the Court to assign this

3  case to a United States District Judge.

4

**RECOMMENDATION**

5      Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus (Doc. 1),

6  be SUMMARILY DENIED because it is frivolous and nonsensical on its face.

7      This Findings and Recommendation is submitted to the United States District Court Judge

8  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local

9  Rules of Practice for the United States District Court, Eastern District of California. **Within 21 days**

10  after being served with a copy of this Findings and Recommendation, any party may file written

11  objections with the Court and serve a copy on all parties. Such a document should be captioned

12  "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be

13  served and filed within 10 days (plus three days if served by mail) after service of the Objections. The

14  Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The

15  parties are advised that failure to file objections within the specified time may waive the right to

16  appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17

18  IT IS SO ORDERED.

19    Dated:   **June 20, 2016**                         **/s/ Jennifer L. Thurston**

20                               UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28